United States District Court
Southern District of Texas
ENTERED
October 06, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| ANDREW J. MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:26-cv-00089 |
| | § | |
| GEOVERA INSURANCE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is a motion to dismiss for improper venue, or in the alternative, to transfer venue, filed by Defendants GeoVera Insurance Company and GeoVera Specialty Insurance Company (collectively, "GeoVera"). *See* Dkt. 42. Because "venue is not a jurisdictional issue" here, and because this court has already addressed substantially similar claims,[1] in the interests of judicial economy, I will "instead address the merits" of Plaintiff Andrew Mitchell's claims sua sponte. *Moler v. Wells*, 18 F.4th 162, 167 (5th Cir. 2021).[2]

## BACKGROUND

Plaintiff Andrew J. Mitchell was, at all relevant times, an individually licensed Louisiana public adjuster. Mitchell conducted his adjusting business through Mitchell Adjusting International, LLC ("MAI"). When MAI contracted with an insured to provide adjusting services, the insured was required to execute

---

[1] *See Mitchell v. State Farm Fire and Cas. Co.*, No. 3:26-cv-00087, 2026 WL 2883825 (S.D. Tex. Sep. 25, 2026) (dismissing substantially similar claims with prejudice); *Mitchell v. Allstate Ins. Co.*, No. 3:26-cv-00088, 2026 WL 2839391 (S.D. Tex. Sep. 22, 2026) (same).

[2] "Normally, a district court can only dismiss a claim sua sponte after giving the adverse party notice and an opportunity to respond. A magistrate judge's report and recommendation constitutes sufficient notice and opportunity, as the parties can submit objections to the recommended findings and conclusions." *Jones v. City of Dall.*, No. 24-10803, 2025 WL 2491127, at *6 (5th Cir. Aug. 29, 2025) (cleaned up).

a Notice of Authorization ("NOA") to its insurer—here, GeoVera—"directing GeoVera to include the licensed adjusting representation as additional payee on settlement instruments." Dkt. 39 at 14. Mitchell has sued GeoVera because, after providing adjusting services to certain of GeoVera's insureds—each of whom executed an NOA directing that MAI be included as an additional payee on any settlement checks—GeoVera failed to include MAI on the settlement checks. Mitchell asserts three claims against GeoVera, each pleaded in the alternative: (1) unjust enrichment; (2) conversion; and (3) negligence. For the reasons discussed below, Mitchell cannot state a claim against GeoVera.

## LEGAL STANDARD

A complaint should be dismissed when a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Conversely, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (cleaned up).

When evaluating a Rule 12(b)(6) motion, I accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673, 675 (5th Cir. 2020) (quotation omitted). I "do not, however, accept as true legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Benfield*

*v. Magee*, 945 F.3d 333, 336–37 (5th Cir. 2019) (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The Fifth Circuit "hold[s] pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016); *see also Twombly*, 550 U.S. at 555.

## ANALYSIS

Mitchell brings three causes of action against GeoVera, each pleaded in the alternative: (1) unjust enrichment; (2) conversion; and (3) negligence. I will address each claim in turn.

### A. UNJUST ENRICHMENT

Mitchell asserts that GeoVera was unjustly enriched when it excluded him "from settlement instruments in derogation of the NOAs" executed by the insureds with whom MAI contracted. Dkt. 39 at 19. Louisiana recognizes a claim for unjust enrichment when a person is "enriched without cause at the expense of another person." La. C.C. art. 2298. The remedy, however, "is subsidiary and shall not be available if the law . . . declares a contrary rule." *Id.*

Here, Louisiana law has an explicit contrary rule: "The salary, fee, or other consideration to be paid to the public adjuster is the obligation of the insured, *not the insurer*." La. Rev. Stat. § 22:1704(E)(5) (emphasis added). Whatever relief Mitchell believes he is owed, he must pursue such relief from the insureds, not the insurer. Accordingly, GeoVera is entitled to dismissal of Mitchell's unjust enrichment claim.[3]

[3] Mitchell works for the insureds, not GeoVera. Mitchell owes "complete loyalty" to the insureds to "best serve the insured's insurance claim needs and interest," not GeoVera's needs and interests. La. Stat. Ann. § 22:1706(A). It is the insureds who are enriched by Mitchell's services, not GeoVera. To the extent GeoVera is incidentally enriched, it remains the insured, not GeoVera, who is obliged to pay Mitchell. *See id.* § 22:1704(E)(5).

## B. Conversion

Alternatively, Mitchell asserts that GeoVera has converted his vested compensation interest. The Louisiana Supreme Court has held:

> A conversion is committed when any of the following occurs: 1) possession is acquired in an unauthorized manner; 2) the chattel is removed from one place to another with the intent to exercise control over it; 3) possession of the chattel is transferred without authority; 4) possession is withheld from the owner or possessor; 5) the chattel is altered or destroyed; 6) the chattel is used improperly; or 7) ownership is asserted over the chattel.

*Dual Drilling Co. v. Mills Equip. Invs., Inc.*, 721 So.2d 853, 857 (La. 1998) (citations omitted). "Chattel" is defined as "[m]ovable or transferable property; personal property; esp., a physical object capable of manual delivery and not the subject matter of real property." Black's Law Dictionary (12th ed. 2024). In Louisiana, such property is deemed "corporeal movable" property. La. Civ. Code art. 471. Intangible property—an incorporeal movable—can be converted only "if the right is embodied in or merged into a document." *BASF Agrochemical Prods. v. Unkel*, No. 05 cv 1478, 2006 WL 3533133, at *7 (W.D. La. Dec. 7, 2006) (citing Restatement (Second) of Torts § 242 (1965)).

As discussed above, the insureds are the ones obligated to compensate Mitchell, not GeoVera. *See* La. Rev. Stat. § 22:1704(E)(5). Mitchell's incorporeal right to compensation exists only in contrast to the insureds' obligations under § 22:1704(E)(5) and the NOAs. Mitchell disclaims that the converted property was the insureds' settlement checks, and he disclaims ownership of the gross settlement proceeds. *See* Dkt. 39 at 21. Because Louisiana courts "have limited conversion to those intangible property rights which are traditionally merged into or identified with some document," and because Mitchell can point to no such document, Mitchell's "conversion claim is outside the scope of Louisiana conversion law." *BASF Agrochemical Prods.*, 2006 WL 3533133, at *7.[4]

---

[4] To the extent Mitchell believes "the NOA obligated GeoVera to structure [settlement instruments] to protect [Mitchell's vested compensation] interest," Dkt. 39 at 22, the

## C. NEGLIGENCE

As an alternative to his unjust enrichment and conversion claims, Mitchell asserts a claim for negligence. Specifically, Mitchell asserts: "delictual liability under La. C.C. art. 2315 for knowing derogation of the vested compensation right arising under La. R.S. § 22:1692 and § 22:1704." Dkt. 39 at 23 (cleaned up). Mitchell contends that "[a] carrier with actual notice of an executed NOA . . . owes a duty, arising from [Louisiana's] statutory and regulatory framework, not to issue settlement instruments in knowing derogation of the executed NOA designation." *Id.* at 24.

Judge Brown has already rejected this argument:

> Mitchell argues that "Allstate owed a duty to exercise reasonable care in its own handling and disbursement of settlement proceeds." Dkt. 39-1 at 2. Even assuming Louisiana law imposes such a duty, Mitchell has not shown that such a duty runs to him. Any duty governing Allstate's payment of settlement proceeds would run to Allstate's insured and, perhaps, the insured's designated payee, co-payee, or assignee. Mitchell is none of those. As Mitchell acknowledges, when an "insured executed a written Notice of Authorization directing Allstate to include the adjusting representation as an additional payee on 'all settlement checks, drafts and/or payments' . . . [t]hose directions identified MAI as the additional payee," not Mitchell. *Id.* at 6. Mitchell's argument is essentially that, because Allstate knew that its manner of paying its insured could affect Mitchell economically, Allstate had a duty to exercise reasonable care not to cause him economic harm. But that is an argument concerning the foreseeability and directness of Mitchell's injury—matters bearing on the *scope* of a duty—not the antecedent question of whether Allstate owed Mitchell a duty at all. *See Campbell v. Orient-Express Hotels La., Inc.*, 403 So. 3d 573, 584 (La. 2025) ("A duty must first be established, before the 'extent'/scope of that duty is considered."). Because Mitchell has not identified a recognized duty

---

NOA is not a chattel over which GeoVera acquired possession in an unauthorized manner, removed from one place to another with the intent to exercise control over, transferred without authority, withheld possession, altered or destroyed, used improperly, or asserted ownership. To the extent Mitchell believes his labor is property that has been converted, it is the insureds who received Mitchell's labor and who are responsible for compensating Mitchell, not GeoVera.

> flowing from Allstate to him, permitting Mitchell to amend his complaint would be futile.

*Mitchell v. Allstate Ins. Co.*, 2026 WL 2839391, at *1.

Here, as in *Allstate*, the NOAs directed GeoVera to pay MAI, not Mitchell. *See* Dkt. 39 at 20 ("[T]he Public Adjuster Contracts and Notices of Authorization named the licensed adjusting representation through the firm vehicle of Mitchell Adjusting International, LLC."). Neither the NOAs nor Louisiana's statutory and regulatory framework creates a duty flowing from GeoVera to Mitchell. Accordingly, Mitchell cannot state a claim for negligence under La. C.C. art. 2315.

**CONCLUSION**

For the reasons discussed above, I recommend that Mitchell's case against GeoVera be sua sponte dismissed with prejudice for failure to state a claim.[5] GeoVera's pending motion to dismiss for improper venue, or in the alternative, to transfer venue (Dkt. 42) should be denied as moot. Mitchell's pending motion to stay proceedings and deadlines, or alternatively extend scheduling deadlines (Dkt. 41) should similarly be denied as moot.

The parties have 14 days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 6th day of October 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

[5] Louisiana law clearly states that insureds are responsible for paying their public adjusters, not insurers. There is simply nothing that Mitchell could re-plead to change the outcome here. Because the defects in Mitchell's case are incurable, any amendment would be futile.